**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

**MARK A. THOMPSON,**

**Plaintiff,**

**v.**

**DEKALB COUNTY, GA., and OVERTIS BRANTLEY,**

**Defendants.**

**CIVIL ACTION FILE**

**NO. 1:17-CV-2244-MHC**

# ORDER

## I. PROCEDURAL HISTORY

On May 10, 2016, Plaintiff Mark A. Thompson ("Thompson") filed a Complaint in the Superior Court of DeKalb County, Georgia [Doc. 1-1] and, six days later, filed an Amended Complaint [Doc. 3-1]. The Amended Complaint alleges the following four federal causes of action:

- Race discrimination under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* (Count Three);
- Race discrimination under 42 U.S.C. § 1981 (Count Four);
- Race discrimination under the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution (Count Five); and

- Age discrimination under the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621 *et seq.* (Count Six).

Am. Compl. ¶¶ 62-92. The Amended Complaint also alleges two state law claims:

- Violation of the Georgia Whistleblower Act, O.C.G.A. § 45-1-4, *et seq.* (Count One); and
- Attorney's Fees under O.C.G.A. §§ 13-6-11 and 45-1-4(f) (Count Two).

Defendants removed the Complaint to this Court on June 15, 2017, on the basis of federal question jurisdiction. Notice of Removal [Doc. 1].

On July 30, 2018, Defendants filed a Motion for Summary Judgment as to all counts of the Amended Complaint. Defs.' Mot. for Summ. J. [Doc. 85]. On January 30, 2019, the Magistrate Judge issued a Final Report and Recommendation ("R&R") recommending that Defendants' Motion for Summary Judgment should be granted. R&R [Doc. 129]. The Order for Service of the R&R [Doc. 130] provided notice that, in accordance with 28 U.S.C. § 636(b)(1), the parties were authorized to file objections within fourteen (14) days of the receipt of that Order. After obtaining an extension of time, Thompson filed his objections on February 20, 2019 [Doc. 133] ("Pl.'s Objs.").

## II. STANDARD OF REVIEW

In reviewing a Magistrate Judge's R&R, the district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). "Parties filing objections to a magistrate's report and recommendation must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court." United States v. Schultz, 565 F.3d 1353, 1361 (11th Cir. 2009) (internal quotation marks omitted) (quoting Marsden v. Moore, 847 F.2d 1536, 1548 (11th Cir. 1988)). Absent objection, the district court judge "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge," 28 U.S.C. § 636(b)(1), and need only satisfy itself that there is no plain error on the face of the record in order to accept the recommendation. See United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983). In accordance with 28 U.S.C. § 636(b)(1) and Rule 72 of the Federal Rules of Civil Procedure, the Court has conducted a *de novo* review of those portions of the R&R to which objections have been made and has reviewed the remainder of the R&R for plain error. See Slay, 714 F.2d at 1095.

## III. DISCUSSION

### A. Thompson's Federal Claims

As correctly stated by the Magistrate Judge, Thompson's race and age discrimination claims are all evaluated under the burden-shifting framework established in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-06 (1973). Under McDonnell Douglas, a plaintiff makes out a prima facie case for discrimination by establishing that he "(1) is a member of a protected class; (2) was qualified for the position; (3) suffered an adverse employment action; and (4) was replaced by someone outside the protected class or was treated less favorably than similarly situated individuals outside the protected class." Hornsby-Culpepper v. Ware, 906 F.3d 1302, 1312 n.7 (11th Cir. 2018). "Only after the plaintiff has made his prima facie case does the burden shift to the defendant" to offer a legitimate, non-discriminatory reason for its action. Morris v. Emory Clinic, Inc., 402 F.3d 1076, 1082 (11th Cir. 2005).

The Magistrate Judge assumed for purposes of summary judgment that Thompson presented sufficient evidence to support the first three elements to support a prima facie case for discrimination. R&R at 27 n.7. However, the Magistrate Judge found that Thompson failed to raise a disputed issue of material fact to support the establishment of the fourth element: that Thompson was

replaced by someone outside the protected class or was treated less favorably than similarly situated individuals outside the protected class. Id. at 27-29.

A *de novo* review of the record in this case shows that the Magistrate Judge's finding is correct. First, Thompson has presented no evidence that he was replaced by someone outside of his protected class. Thompson is a white male over the age of forty. Dep. of Mark A. Thompson taken Sept. 21, 2017 [Doc. 32-1] at 7-8. Thompson testified that he was not sure who replaced him (he heard it may have been William Scott) or if his work was in fact divided among existing attorneys in the DeKalb County Law Department after his termination. Id. at 72-74. Defendants presented evidence, uncontroverted by Thompson, that, upon his departure, his duties in fact were divided among existing attorneys and that William Scott, a white male who was younger than Thompson, was hired three months after Thompson's departure and was not assigned to any of the work previously performed by Thompson. Dep. of Overtis Brantley taken May 17, 2018 [Doc. 101-1] at 67-70 & Ex. 10 [Doc. 101-2 at 35]; Dep. of Laura Johnson taken June 5, 2018 [Doc. 107-1] at 15. Second, Thompson has identified no comparator outside his protected class who was treated more favorably.

In his objections, Thompson first contends that "Defendants' own arguments confirm there is a disputed fact regarding the replacement" because "Defendants

contended that William Scott, a white man in his thirties, was Thompson's replacement." Pl.'s Objs. at 16. However, Defendants made no such assertion, instead stating, "[t]he evidence is that no one directly replaced Thompson, but the next attorney hired was William Scott, a white male." Mem. of Law in Supp. of Defs.' Mot. for Summ. J. [Doc. 85-1] at 14. Thompson next asserts that every attorney hired after Thompson's termination was under forty. Pl.'s Objs. at 17. However, Thompson does not refute Defendants' evidence that none of those individuals replaced him or was assigned the work he performed upon his departure.

Thompson next contends that the Magistrate Judge ignores evidence of comments indicating ageist and racial animus leveled by Defendant Brantley, although they admittedly were not directed at Thompson. Pl.'s Objs. at 18-21. Specifically, Brantley declared her intent to hire more "baby lawyers" and told another attorney that he needed to get a tan before returning to the office. Id. "[I]solated or stray comments made by the actual decision maker but completely unrelated to the challenged employment action do not constitute direct evidence of discrimination." Plaisance v. Travelers Ins. Co., 880 F. Supp. 798, 810 (N.D. Ga. 1994) (citing Price Waterhouse v. Hopkins, 490 U.S. 228 (1989), aff'd, 56 F.3d 1391 (11th Cir. 1995)); see also Hankerson v. Se. Ga. Health Sys., No. CV 2:12-

00097, 2013 WL 5651905, at *10 (S.D. Ga. Oct. 15, 2013) ("[S]tray comments made by decision makers that are unrelated to the decision-making process are not direct evidence of discrimination.") (citation omitted).

Frankly, based upon a consideration of the entire record of this case, Thompson's action is based for the most part on his contention that Defendants violated the Georgia Whistleblower Act by terminating him. His race and age discrimination claims are half-hearted at best, and he provides no evidence that would create a disputed issue of material fact as to being replaced by someone outside the protected class or treated less favorably than similarly situated individuals outside the protected class. Consequently, his objections to the Magistrate Judge's conclusion that summary judgment should be granted to Defendants on his race and age discrimination claims are **OVERRULED**.

**B. Thompson's State Claims**

Having resolved Thompson's federal claims against Defendants, the Court must now determine whether it should exercise supplemental jurisdiction over the remaining state law claims. See 28 U.S.C. § 1367(a) ("[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or

controversy under Article III of the United States Constitution."). The Court may decline to exercise supplemental jurisdiction over non-diverse state law claims if: (1) the claim raises a novel or complex issue of state law; (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction; (3) the district court has dismissed all claims over which it has original jurisdiction; or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction. See 28 U.S.C. § 1367(c). In addition, in deciding whether or not to exercise supplemental jurisdiction over pendent state law claims under § 1367(c), a Court should also consider the interests of judicial economy, convenience, fairness to the litigants, and comity. Palmer v. Hosp. Auth. of Randolph Cty., 22 F.3d 1559, 1569 (11th Cir. 1994). The Eleventh Circuit Court of Appeals has noted that "if the federal claims are dismissed prior to trial, Gibbs strongly encourages or even requires dismissal of state claims." L.A. Draper & Son v. Wheelabrator-Frye, Inc., 735 F.2d 414, 428 (11th Cir. 1984) (citing United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966)). In those cases where an action originated in a state court and was later removed to federal court, a federal court has the discretion to remand the case to the state court. Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 351 (1988).

Defendants compare this case to Motley v. Fulton Cty., where another district judge of this court exercised supplemental jurisdiction over a claim under the GWA. Motley v. Fulton Cty., No. 1:11-CV-3196-SCJ, 2015 WL 12868227 (N.D. Ga. Mar. 13, 2015). However, Motley is clearly distinguishable from the instant case. Motley was not a removed case, but an action filed originally in federal court on September 20, 2011, alleging claims of discrimination under federal law and a claim under the former version of the GWA. See Motley v. Fulton Cty., Ga., No. 1:11-CV-3196-SCJ [Doc. Entry 1]. Motley's GWA claim was dismissed in a July 2012, Order. Id. [Doc. Entry 18]. In January, 2014, the court reinstated the GWA claim upon Motley's request based upon a change in the GWA after Motley's initial claim was dismissed. Id. [Doc. Entry 71]. After the court granted summary judgment to the defendants on all the federal claims, the court chose to exercise supplemental jurisdiction over Motley's reinstated GWA claim because the action was nearly four years old and the "whistleblower claim is barred by the statute of limitations under Georgia law," resulting in the dismissal of that state law claim. Motley, 2015 WL 12868227, at *2.

In contrast to Motley, this case was removed from the Superior Court of DeKalb County, has been litigated less than two years, Thompson did not ask this Court to rule on his GWA claim, and the GWA claim is not barred by the statute of

limitations. Because the outcome of the merits of this dispute now depends exclusively on issues of state law, the Court finds that judicial economy, fairness, and convenience favor declining to exercise supplemental jurisdiction over Thompson's remaining state-law claim. Baggett v. First Nat'l Bank of Gainesville, 117 F.3d 1342, 1353 (11th Cir. 1997); see also Eubanks v. Gerwen, 40 F.3d 1157, 1162 (11th Cir. 1994) (remanding the case to the district court to consider dismissing plaintiff's state-law claims without prejudice so that the plaintiff could pursue those claims in state court where the court had granted summary judgment to the defendant on plaintiff's federal-law claims). The Court accordingly remands Thompson's state-law claims to the Superior Court of DeKalb County.[1]

## IV. CONCLUSION

Accordingly, it is hereby **ORDERED** that Thompson's objections to the Magistrate Judge's recommendation to grant summary judgment to Defendants on his federal claims [Doc. 133] are **OVERRULED**, and his objections with respect to the Magistrate Judge's recommendation to grant summary judgment to

---

[1] Because of this ruling, there is no need to consider the Magistrate Judge's recommendation with respect to Thompson's claim under the Georgia Whistleblower Act, and that portion of the R&R (R&R at 13-24) is not adopted.

Defendants on his state claims are **DENIED AS MOOT**, given the Court's declination to exercise supplemental jurisdiction over those claims.

After reviewing the remainder of the R&R for plain error, the Court **ADOPTS** as the Opinion and Order of the Court only those portions of the R&R that recommend granting Defendants' motion for summary judgment as to Plaintiff's federal claims. See R&R at 1-12, 25-29. The remaining portions of the R&R (R&R at 13-24, 30) are **NOT ADOPTED**.

It is hereby **ORDERED** that Defendants' Motion for Summary Judgment [Doc. 85] is **GRANTED IN PART**. Defendant's motion is granted only with respect to Counts Three, Four, Five, and Six of Plaintiff's Amended Complaint [Doc. 3-1], which are **DISMISSED WITH PREJUDICE**.

It is further **ORDERED** that the remaining state law claims in Counts One and Two of Plaintiff's Amended Complaint are **REMANDED** to the Superior Court of DeKalb County.

**IT IS SO ORDERED** this 7th day of March, 2019.

MARK H. COHEN
United States District Judge